Caruthers, J.,
delivered tbe opinion of tbe Court.
Presentment for gaming. Tbe charge is, that “ on tbe 4tb day of November, 1856, there was an election held in tbe State of Tennessee, for President and Yice President of tbe United States of America,” and that while said election was pending, Robert J. Porter did bet money, goods, &c., “upon said election, with divers citizens,” &c. Tbe defendant was convicted and fined.
Tbe only question is made upon tbe refusal of tbe Court to quash tbe presentment upon motion, on tbe ground that there was no such election pending, but that the.election referred to, was for electors for President and Yice-President. This question is not now an open one, as it has been several times before us, and held to be a good charge under our statutes. It is true, that tbe election in form, is for electors under tbe constitution, but it is in substance, for President and Yice-President. Tbe contest is between tbe candidates for President, and not tbe electors; no voter inquires into tbe qualifications of tbe latter, and their respective merits are not canvassed. They ar.e only regarded as tbe media through which tbe people speak for or against their respective favorites, who are placed in competition for tbe high offices. If offenders against this most valuable law, made to preserve tbe purity of elections and tbe good morals of tbe people, could be effectually shielded by a rule so technical, as that ■ contended for, tbe law would be always evaded by making their bets upon tbe presidential candidates, instead of tbe electors, as there is *360 no sucb election, according to the argument. But the construction we give is calculated to promote the true policy of the law, by holding all who bet upon these-elections, liable, whether they adopt one form or the other, in making their wagers. The substance is the same, and so is the mischief, and we will not reverse upon a mere technicality. There is no error, let the judgment be affirmed.
Totten, J., dissented.